UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DERYL CRAIG MORSE,<br>Defendant. | Case No. 3:21-cr-00239-JD-1<br><br>**PRETRIAL ORDER** |

As discussed at the pretrial conference on October 20, 2022, a jury trial is set for January 9, 2023, at 9:00 a.m., and will be conducted under these procedures and rulings.

**I.   TRIAL SCHEDULE**

1. Trial will be held from 9:00 a.m. to 2:00 p.m. each trial day, with two 15-minute breaks.

**II.   VOIR DIRE & JURY SELECTION**

1. As discussed with the parties, the Court will invite in sixty prospective jurors and seat fourteen jurors using the "strike and replace" method. A prospective juror not excused after a round of challenges will be deemed a member of the jury and may not subsequently be challenged. The Court will conduct the voir dire based on its own questions and the questions proposed by the parties. The Court will post the proposed voir dire questions by December 22, 2022. The parties may file any objections or concerns by January 5, 2023.

2. The parties should be prepared to give their opening statements and begin presenting witnesses on January 9, 2023.

## III. OTHER TRIAL PROCEDURES

1. **Sidebars**. There will be no sidebars during trial. The parties should not ask for one.

2. **Objections**. Counsel must stand to state any objections, and should do so by simply stating the rule that forms the basis of the objection. No arguments or elaborations should be made unless called for by the Court.

3. **Having witnesses ready**. Each party must have its witnesses for the trial day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually constitute resting.

4. **Disclosure of witnesses**. A party must disclose the identity of the witnesses it plans to call by 5 p.m. the court day before calling the witness to the stand. Any party that has an objection must alert the Court no later than 6 a.m. on the court day the witness is to be called, and the Court will take up the objection outside the presence of the jury.

## IV. MOTIONS IN LIMINE

1. **Government's MIL No. 1 re CI-2's Testimony About Defendant's Sale of Methamphetamine and Discussion About Firearms**: **GRANTED IN PART**. The government may introduce the testimony for the limited purpose of showing Morse's intent and mental state. For the firearms discussion, that extends to Morse's "knowledge of the weapons" and whether he had "power and intent to exercise control over them." *United States v. Vasquez*, 654 F.3d 880, 885 (9th Cir. 2011).

2. **Government's MIL No. 2 re Impeaching CI-2 with Older Convictions**: **GRANTED IN PART**. The CI-2's 2012 arrest for forging/altering a vehicle registration is excluded for impeachment or other use. The CI-2's 2009 conviction for giving false information to a peace officer may be used.

3. **Government's MIL No. 3 re Impeaching Defendant with His Prior Convictions**: **DENIED**. The government may not impeach Morse with his 1991 conviction. Fed. R. Evid. 609(b)(1).

4. **Government's MIL No. 4 re Impeaching Defendant with His Statements to Law Enforcement**: **GRANTED** by agreement.

5. **Government's MIL No. 5 re Argument About Defendant's Background**: **DENIED**, with the understanding that Morse will not introduce evidence to make overt pleas for sympathy.

6. **Government's MIL No. 6 re Evidence Not Timely Disclosed**: **GRANTED** as to both parties. Fed. R. Crim. P. 16.

7. **Government's MIL No. 7 re Referring Defendant's Wife for Appointment of Counsel**: **DENIED** on the basis of defense counsel's representation that Morse's wife is not anticipated to testify that the drugs recovered by law enforcement in the living room of the residence were hers. The Court may revisit this determination if warranted during trial.

8. **Government's MIL No. 8 re DNA Expert's Testimony and Confrontation Clause**: The Court defers ruling on whether forensic examiner Marcy Plaza's testimony would satisfy Morse's Sixth Amendment right to confrontation, pending focused voir dire of the expert during trial.

9. **Government's MIL No. 9 re Admitting Special Agent Austin Curnow's Expert Testimony Pursuant to Federal Rule of Evidence 702**: **GRANTED**. Curnow has received training in drug investigations, identification, and detection, and is qualified to testify about methamphetamine distribution. Dkt. No. 60, Exh. A, Qualifications, ¶¶ 1-3. He has extensive experience in investigating drug trafficking, having participated in over 90 investigations of drug trafficking organizations. *Id.* ¶ 5. He has "been involved in the execution of approximately 150 state and federal narcotics related search warrants," making him "familiar with the various tools, methods, trends, paraphernalia, and related articles used by drug

3

traffickers . . . in their efforts to import, conceal, manufacture, and distribute controlled substances. *Id.* ¶ 13. He has "interviewed approximately 75 drug dealers, users, and confidential informants and has discussed with them numerous aspects of drug trafficking, including the lifestyle, appearances, and habits of drug dealers and users." *Id.* ¶ 14. The government advises that Curnow has testified as an expert witness in other federal cases. Consequently, the record demonstrates that his anticipated testimony will be reliable. *See United States v. Holguin*, -- F.4th --, 2022 WL 7284304, at *6-8 (9th Cir. Oct. 13, 2022).

10. **Defendant's MIL No. 1 to Preclude Evidence of Morse's Prior Convictions**: **GRANTED**. See discussion of government's MIL No. 3 above.

11. **Defendant's MIL No. 2 to Exclude Out-of-Court Statements Made by Confidential Informants**: Morse's request to exclude CI-2's statements on Confrontation Clause grounds is **DENIED** on the understanding that CI-2 will testify at trial. CI-1 will not testify at trial, and his or her out-of-court statements are excluded.

## V. JURY INSTRUCTIONS AND VERDICT FORM

1. **Proposed Jury Instructions**. As discussed with the parties, the following proposed jury instructions, *see* Dkt. No. 63, should be removed: instructions 12, 13, 14, 16, 21, 22, 23, 28, 44, 55, and 56. For instruction 15, the stipulations of fact should be listed. For instruction 18 on other crimes, wrongs, or acts of defendant, the brackets should be removed. Instruction 20 on photos of defendant, "mugshots," should be removed, but may be reinserted later if necessary. Non-model instruction 34 on the legality of the arrest and search is granted by the parties' agreement. Defendant's request to modify instruction 46 on the verdict form is granted.

2. **Preparation of Preliminary and Final Jury Instructions**. The parties are instructed to revise the jury instructions and file them by **November 11, 2022**, at **12:00 p.m.** The instructions should be broken out into two sets, preliminary and final, and should closely hew to the instructions given in the *Reynolds* case, No. 18-

cr-00158, and if needed the *Valdez* case, No. 18-cr-00608, wherever possible. The revised sets should include source notes, and the Court requests that the parties be sure to use the most recently revised set of the Ninth Circuit's model criminal jury instructions. In addition to filing these sets on the docket, Microsoft Word versions should be emailed to the Court's jdpo email address. The parties will have an opportunity to comment on the final versions of these instructions before the Court reads them to the jury.

3. **Verdict form**. The Court will post the proposed verdict form by December 29, 2022, and the parties may raise any objections or concerns by January 5, 2023.

**IT IS SO ORDERED**.

Dated: October 24, 2022

_____
JAMES DONATO
United States District Judge